UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDRICK J. REFOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:11-cv-01064-SEB-DML |
| ) | |
| PAR NORTH AMERICA, ) | |
| ) | |
| Defendant. ) | |

# Entry on Motion to Compel
# and Order to Show Cause

Plaintiff Fredrick J. Refour, who is African-American, alleges in this case that the termination of his employment by the defendant, PAR, Inc. ("PAR") (incorrectly identified in the caption as PAR North America), was racially motivated. PAR maintains that it terminated Mr. Refour because a supervisor complained that Mr. Refour had made unwanted sexual advances toward her. Mr. Refour attended the initial pretrial conference in this case on September 30, 2011, along with his counsel, Mr. Paul. During the pretrial conference, Mr. Paul asserted that he had direct evidence of discrimination because Mr. Refour had been told that the complaining supervisor had made a racially insulting remark about another African-American employee. When asked to identify the person who had informed Mr. Refour of the remark, Mr. Refour said it was a PAR employee named "Michelle."

After the initial pretrial conference, PAR's counsel asked his client about an employee named Michelle and learned that PAR did not employ anyone named Michelle, suggesting the information Mr. Refour provided at the initial pretrial conference must have been incorrect. This made PAR's counsel suspicious, and he began demanding that the plaintiff immediately provide

the correct name, serve his Rule 26 initial disclosures, and include the name and address and telephone number of this person.

The parties' exchanges became increasingly strained, and when the plaintiff did not disclose the witness's identity promptly enough for PAR, PAR filed a motion to compel (Dkt. 16). The motion, filed October 21, 2011, requested an order that plaintiff accurately and immediately identify the person who provided the information described at the initial pretrial conference. The witness's identity has now been disclosed. Although it appears to the court that the plaintiff may have delayed disclosure to give his counsel time to interview the person before PAR's counsel could, the court is not convinced that the mere *lateness* in the plaintiff's disclosure caused prejudice to PAR meriting monetary sanctions. PAR's filing of its original motion to compel and supporting papers was, in the court's view, more than was necessary to address the delay in identification of this witness. It was early in the case, and PAR's counsel knew Mr. Refour's counsel was about to begin a jury trial in another case. PAR's demands that the plaintiff immediately identify the witness, coupled with escalating sanctions threats, suggest that PAR's goal—at least in part—was to talk to the witness before the plaintiff's counsel did. That was not an inappropriate strategy, but the frustration of that strategy does not call for sanctions. PAR's motion for relief under Rule 37 (Dkt. 16) is therefore DENIED WITHOUT PREJUDICE, as further explained below.

That said, matters more serious than the tardiness of the plaintiff's initial disclosures have been raised in PAR's reply brief (Dkt. 25). When Mr. Paul eventually did identify the witness, it was not a woman named Michelle, but a man named Gathroe Reshard Taylor. PAR's reply brief suggests that the plaintiff may have deliberately misrepresented the witness's identity to this court and PAR's counsel at the initial pretrial conference in a misguided effort either to conceal a

witness or to make sure Mr. Paul could speak with him further before PAR's counsel did.  It also suggests that Mr. Paul may have falsely assured a witness that he could protect his anonymity in a misguided effort to coax out of the witness a statement favorable to the plaintiff.

Mr. Paul hints that his conduct stemmed from a belief the witness was scared to give information that could harm his employer's interests, but that would not justify making false assurances to the witness or false representations to the court and opposing counsel.  This witness has now provided a sworn statement that he told Mr. Refour and Mr. Paul that he had never heard that it was the supervisor who made the racially derogatory remark.   Mr. Refour and Mr. Paul apparently do not believe his statement.  The court assumes that the parties will depose the witness; his knowledge regarding matters relevant to this litigation can be explored in more detail.  At this point, however, the court is concerned about whether Mr. Refour knowingly gave incorrect information to the court and defense counsel at the initial pretrial conference and whether Mr. Paul gave inappropriate assurances to Mr. Taylor to elicit a statement from him.

All of these matters were raised in PAR's reply brief, so the reply includes new matters and seeks additional relief beyond that included in PAR's motion.  Although the Local Rules do not contemplate further briefing beyond the reply, the court is surprised that Mr. Refour and his counsel did not seek leave to respond and have remained silent in the face of the serious allegations made in PAR's reply.  Mr. Refour and his counsel are ordered to SHOW CAUSE, by December 28, 2011, responding to the matters raised in PAR's reply brief (Dkt. 25 and 25-2) regarding their communications with Mr. Taylor.  They must (1) explain why they did not disclose Mr. Taylor's identity correctly at the initial pretrial conference, and (2) detail the contents of counsel's communication with Mr. Taylor on or around November 1.  PAR may, if it

deems it appropriate following the response to the court's show cause order and any discovery directed to these matters, renew its motion.

      So ORDERED.

Date: __12/14/2011__           *Debra McVicker Lynch*
                                               Debra McVicker Lynch
                                               United States Magistrate Judge
                                               Southern District of Indiana

Distribution:

Brett Edward Buhl
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brett.buhl@odnss.com

Joel Samuel Paul
RAMEY & HAILEY
joel@rameyandhaileylaw.com

Robert F. Seidler
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
rob.seidler@ogletreedeakins.com